Ross Cornell, Esq., APC (SBN 210413)
P.O. Box 1989 #305
Big Bear Lake, CA  92315
Phone: (562) 612-1708
Facsimile: (562) 394-9556
Email: rc@rosscornelllaw.com

Attorneys of Record for Plaintiff,
Bryan Estrada

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>Park Lane Mobile Homes, et al.<br><br>　　　　　Defendants. | Case No.:<br>5:20-cv-02362 JGB (KKx)<br><br>Hon. Jesus G. Bernal<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(f); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  March 15, 2021<br>Time: 9:00 a.m.<br>Courtroom: 1 |

**TO THE HONORABLE DISTRICT COURT, TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

　　**PLEASE TAKE NOTICE** that on March 15, 2021 at 9:00 a.m. in Courtroom 1 of the above-entitled Court located at 3470 Twelfth Street Riverside, CA 92501, Plaintiff BRYAN ESTRADA ("Plaintiff") will move the Court for an ORDER striking the second, third, fourth, fifth, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth,

fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third and twenty-fourth affirmative defenses from the "DEFENDANTS PARK LANE MOBILE HOME ESTATES AND FITZGERALD FAMILY PARTNERSHIP'S ANSWER TO COMPLAINT" [Docket No. 12] (hereinafter the "Answer") filed by Defendants PARK LANE MOBILE HOMES and FITZGERALD FAMILY PARTNERSHIP (the "Defendants") pursuant to FRCP 12(f).

The grounds for this motion are that the affirmative defenses set forth in the Answer are improper, insufficient, redundant and/or immaterial pursuant to FRCP 12(f). This motion will based on this notice of motion and motion, on the memorandum of points and authorities submitted herewith, on the files and records herein, and on such other evidence as may be presented at the hearing of this matter.

## LOCAL RULE 7-3 STATEMENT

This motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on January 29, 2021 and February 8, 2021.

Respectfully submitted,

Dated: February 9, 2021            **LAW OFFICES OF ROSS CORNELL, APC**

By:   /s/ *Ross Cornell*
         Ross Cornell, Esq.,
         Attorneys for Plaintiff,
         BRYAN ESTRADA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The Defendants' Answer fails to meet the applicable pleading standards and presents boilerplate, generic, cut-and-paste defenses that are devoid of necessary factual content, that present improper negative defenses, and that assert defenses that have no applicability to the claims set forth in this action.  It has been the Defendants' knowing refusal to conform to mandatory pleading standards that has necessitated this motion.

## II.     LEGAL AUTHORITY FOR MOTION TO STRIKE

Under FRCP 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings.  The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.  1993). The Court determines the sufficiency of pleading an affirmative defense by analyzing whether it gives Plaintiff fair notice of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Because affirmative defenses expand the scope and burdens of discovery under Rule 26, the federal courts require that the defenses be plead with enough detail to permit opposing counsel to understand the essential bases for each defense. See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 170 (N.D. Cal. 2010) (applying *Iqbal* pleading standard to affirmative defenses).  An affirmative defense must be pled to provide the plaintiff fair notice of the nature of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice [under Rule 8]." *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (quoting *Wyshak*, 607 F.2d at 827). "[B]are statements reciting mere legal conclusions do not provide a plaintiff with fair notice of

the defense asserted, as required under Wyshak." *Id*. Defendants must sufficiently identify the specific legal theory, set forth the elements of that theory, and plead sufficient factual matter to meet the elements.

The Defendant "must allege the grounds for entitlement to relief beyond mere labels and conclusions" and plead "enough facts to state a[n] [affirmative defense] that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Since the Supreme Court decision in *Iqbal*, "the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses." *Barnes*, 718 F. Supp. 2d at 1171 (collecting district court decisions nationwide); see also *Kuang Xuan Liu v. Win Woo Trading, LLC*, 2014 WL 7140514, at *2 (N.D. Cal. Dec. 12, 2014) (applying *Twombly* standard to affirmative defenses). Under that standard, a defendant may not invoke defenses by simply listing factual or legal conclusions. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984)).

Courts have found that well-established policy considerations are furthered by applying the *Twombly* standard to affirmative defenses. "Applying the [*Twombly* standard] to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes*, 718 F. Supp. 2d at 1172 (quoting *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 649 (D. Kan. 2009)). "Applying the [*Twombly*] standard . . . also serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."

A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc*., 156

F. Sup. 2d 1148, 1154 (C.D. Cal. 2001), quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1986); see *Heller Financial, Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989) (motions to strike appropriate to remove unnecessary clutter from the case). A defense is properly stricken if it is insufficient as a matter of law. *EEOC. v. First Nat Z' Bank of Jackson*, 614 F.2d 1004 (5' Cir. 1980); *FTC v. Hang-up Art Enterprises, Inc.*, 1995 U.S. Dist. LEX1S 21444, at *8 (C.D. Cal. 1995). A defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. *FDIC v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987).

The defenses set forth below are insufficient as a matter of law, present facts insufficient to support the elements of viable defenses, are irrelevant to the ultimate questions of law herein, and/or fail to explain the applicability of the named defense to the case at bar in anything other than vague and theoretical terms. Each is thus incompetent as a matter of law. *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) (affirmative defenses that contain insufficient factual and legal matter to provide notice under Rule 8 should be struck under Rule 12(f)). If an affirmative defense could not succeed under any set of facts "inferable from the pleadings," then it is insufficient as a matter of law. See *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991); see also *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). Accordingly, the defenses should be stricken.

### III. LEGAL ARGUMENTS

**A. *The Fourth, Fifth, Sixth, Seventh, Eighth, Twelfth, Thirteenth, Fourteenth, Sixteenth, Twentieth, Twenty-First, Twenty-Second and Twenty-Third Defenses Should Be Stricken Because <u>They Fail to Provide Sufficient Facts to Put Plaintiff on Fair Notice</u>***

In the absence of sufficient facts to afford Plaintiff with fair notice under the pleading standards identified above, Plaintiff is unable to ascertain how or why the purported defenses could possibly apply. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the

instant case, it is insufficient and will not withstand a motion to strike." *Solis, Id*. Here, each of the identified defenses states a legal conclusion or theory without the support of facts explaining how they connect to the instant case and should be stricken:

1. **Fourth Affirmative Defense** for Statute of Limitations: this asserted defense provides no factual basis for its assertion and contravenes clearly alleged facts that establish that that the action has been brought well within the applicable statute of limitations (see Complaint ¶¶ 13, 14, 15: "Plaintiff personally encountered one or more of the Barriers at the Subject Property in June, 2020"; "[f]rom June, 2020 to the present, the Plaintiff has been deterred from the Subject Property because of his knowledge of the existence of Barriers"). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis*, supra. This defense should be stricken as insufficient pursuant to FRCP 12(f).

2. **Fifth, Sixth, Seventh, Eighth, Twelfth, Twentieth, Twenty-First, Twenty-Second and Twenty-Third Affirmative Defenses** for "Effective Access," "Not Readily Achievable," "Alterations," "Alternative Methods," "Undue Burden," "Mootness," "Dimensional Tolerances," "Equivalent Facilitation" and "Technical Infeasibility": these defenses all fail to identify to which of the nine (9) barriers (alleged in paragraph 13 and further described in paragraph 26 of the Complaint [Docket No. 1]) they supposedly apply, fail to state how or why they are applicable in this case, and fail to describe the application of the asserted defenses to any of the barriers Plaintiff alleges to have encountered. The asserted defenses thus fail to provide Plaintiff with fair notice of the basis for the defenses. *Vogel v. Om ABS, INC., et al.,* CV 13-01797 RSWL (JEMx), Order re: Plaintiff's Motion to Strike [Dckt. No. 28 in that action] [motion to strike granted because Answer failed to identify which specific accommodations are subject to the defense].  Plaintiff cannot ascertain from the Defendants' vague, conclusory, boilerplate defenses where or how effective access has been provided, what alterations have been made, which barriers are not readily achievable to remove or why, which barriers present an undue burden or why, which

claimed barriers are moot or technically infeasible or why, which alleged barriers are subject to dimensional tolerances or why, and what alternative methods or equivalent facilitation(s) have been provided to make up for the barriers Plaintiff encountered. Applicable pleading standards required "at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes, Id.* Here, no valid factual basis is provided at all as to any of these defenses. Each defense thus "fail[s] to explain the applicability of the named defense to the case at bar in anything other than vague and theoretical terms … [and] is thus incompetent as a matter of law." *CTF Dev., Inc., supra.* Each should be stricken as insufficient pursuant to FRCP 12(f).

   3. **The Thirteenth and Fourteenth Affirmative Defenses for Estoppel and Waiver:** these affirmative defenses fail as a matter of law because they fail to state any facts to provide fair notice of the basis for the affirmative defenses. *Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*, No. EDCV 11–197 RSWL, 2011 WL 3809933, at *2–*4 (C.D. Cal. Aug. 25, 2011) (granting a motion to strike affirmative defenses of estoppel, waiver, and laches for failure to state any facts that provide fair notice).

   4. **The Sixteenth Affirmative Defense for Indispensable Party:** this defense is insufficient in that it is purely boilerplate and provides no factual content to identify why or how it could be applicable in this case, i.e. who the missing and supposedly "indispensable" party is and why they are indispensable as defendant(s) to this action. To the extent indispensable parties actually exist, the Answering Defendants are or in the exercise of reasonable diligence should be aware of the identifies thereof. Defendants' hide-the-ball pleading does not satisfy minimum factual requirements and this defense should be stricken as insufficient under FRCP 12(f).

### B. *The Second, Third and Fifth Affirmative Defenses Should Be Stricken Without Leave to Amend As Improper Negative Defenses*

A defense which asserts that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.* (9th Cir. 2002) 302 F.3d 1080, 1088. Negative defenses that are pled as affirmative defenses are subject to a motion to strike under Rule 12(f). *Figueroa v. Islands Restaurants L.P.*, 2012 WL 2373249, at *2 (C.D. Cal. June 22, 2012) (citing Barnes, 718 F.Supp.2d at 1174). On the other hand, "[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah *1174 Marine Corp., No. 96-1691*, 1997 WL 468330, at *3 (6th Cir.1997). It is a defense on which the defendant has the burden of proof. See, e.g., *Kanne v. Connecticut General Life Ins. Co*. (9th Cir.1988) 867 F.2d 489, 492 n. 4. Thus, it is curious that defendant asserts as affirmative defenses that which it need not prove. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D.Cal. 2010).

    1.    **The Second and Third Affirmative Defenses** for "Failure to State a Claim" are improper. Failure to state a claim is a negative defense. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (ruling that failure to state a claim is not an affirmative defense). They are thus not competent defenses, are insufficient and immaterial, and should be stricken **without leave to amend**.

    2.    **The Fifth Affirmative Defense** for "Effective Access" fails to provide Plaintiff with facts sufficient to afford fair notice for how or where effective access has been provided and is nothing more than an effort to refute an element of Plaintiff's prima facie case. Accordingly, this defense should be stricken without leave to amend as an improper negative defense.

### C. The <u>Ninth and Nineteenth Affirmative Defenses</u> Should Be Stricken Without Leave to Amend as Immaterial

The Ninth and Nineteenth Affirmative Defenses for "Good Faith" are not legally cognizable defenses to Plaintiff's causes of action, and certainly not based on self-serving and conclusionary assertions of Defendants' "good faith" without explanation. A defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. *FDIC v. Main Hurdman, Id.* Moreover, Defendant fails to state any facts at all to support its assertion of good faith, and Plaintiff cannot be forced to speculate regarding the nature of the defense. If an affirmative defense could not succeed under any set of facts "inferable from the pleadings," then it is insufficient as a matter of law. *See Williams v. Jader Fuel* Co., 944 F.2d 1388, 1400 (7th Cir. 1991*); see also S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). Because "good faith" is not a viable defense under any set of facts, it should be stricken without leave to amend as immaterial under FRCP 12(f).

### D. The <u>Fifteenth Affirmative Defense</u> For Failure to Mitigate Should Be Stricken Without Leave To Amend

The fifteenth affirmative defense should be stricken for at least two reasons: (1) it fails to provide Plaintiff with fair notice of his alleged "failure to mitigate"; and (2) it is not a legally cognizable defense to Plaintiff's claims. **First**, as the court ruled in *Kohler v. Staples the Office Superstore*, 4 LLC, 291 F.R.D. 464, 469 (S.D. Cal. 2013), the kind of factually devoid pleading of the within "failure to mitigate" defense is insufficient to put Plaintiff on fair notice. **Second**, unlike the *Kohler* complaint, which sought actual damages, here the only remaining claim under the ADA for disability discrimination cannot be "mitigated" by the Plaintiff as a matter of law. The barriers either exist or they don't. Accordingly, the second affirmative defense should be stricken without leave to amend as insufficient and immaterial pursuant to FRCP 12(f).

### IV. CONCLUSION

For all the reasons set forth herein, Plaintiff respectfully requests this Court strike the second, third, fourth, fifth, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third and twenty-fourth affirmative defenses from the Answer, and that the second, third, fifth, fifteenth and nineteenth affirmative defenses be stricken **without leave to amend**.

Respectfully submitted,

Dated: February 9, 2021                **LAW OFFICES OF ROSS CORNELL, APC**

By:   /s/ Ross Cornell
        Ross Cornell, Esq.,
        Attorneys for Plaintiff,
        BRYAN ESTRADA